UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALIVIA LIM, an individual, on behalf of herself and all others similar situated,

Plaintiff,

v.

PALOMAR HEALTH, a California Health Care District; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 26-cv-2597-RSH-DEB

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

[ECF No. 11]

Pending before the Court is a motion to compel arbitration, dismiss class and collective claims, and stay the action, filed by defendant Palomar Health. ECF No. 11. Plaintiff Alivia Lim filed an opposition, ECF No. 12, and Defendant filed a reply, ECF No. 14. For the reasons below, the Court denies the motion.

## I. BACKGROUND

On February 27, 2026, Plaintiff filed a putative class action in the Superior Court of California, County of San Diego. ECF No. 1-2. Plaintiff's first and second causes of action allege violations of California Labor Code § 512, § 512.1, and Wage Order No. 5-2001 for failure to provide rest and meal periods. *Id.* at 10-15. Plaintiff's third and fourth causes of

action allege breach of contract and violation of California Labor Code § 1126 for failure to provide meal and rest periods as required under collective bargaining agreements ("CBAs"). *Id.* at 15-19. Plaintiff's fifth and final cause of action alleges violations of the Fair Labor Standards Act ("FLSA") and 29 U.S.C. § 207 for failure to pay the full amount of required wages. *Id.* at 19-20. Plaintiff seeks to represent the following class:

> All current and former hourly non-exempt employees of Defendants providing direct patient care or supporting direct patient care in any of Defendants' general acute care hospitals in the state of California during the period of January 1, 2023 through the date of class certification.

*Id*. at 20. Plaintiff also seeks to represent a "collective" with the same requirements, but additionally, "with at least one workweek of hours worked in excess of forty (40) hours in the workweek." *Id.*

On April 23, 2026, Defendant removed the action to this Court based on federal-question and supplemental jurisdiction, and on the same day, filed its Answer. ECF Nos. 1 at 3; 2. On July 2, 2026, Defendant filed its motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"). ECF No. 11. Defendant argues that Plaintiff's union, the California Nurses Association ("CNA"), entered into CBAs that require Plaintiff to follow the "grievance and arbitration process," including arbitration of her individual claims. ECF No. 11-1 at 1-3.

There are two CBAs at issue, one governing from June 1, 2021, through July 31, 2024, and the second governing from November 6, 2024, through the end of Plaintiff's employment. *Id.* at 2. Both CBAs have a grievance provision stating, in Article 8:

> A Registered Nurse or CNA initiates the grievance procedure by completing and delivering a grievance form available through the Human Resources Department to the Registered Nurse's immediate supervisor or Unit Manager and the Chief Human Resources Officer or designee in the case of an individual grievance or, in the case of all other grievances, to the Chief Human Resources Officer or designee. A grievance should be filed within twenty (20) days of the date upon

> which either the Registered Nurse or CNA first became aware, or reasonably should have first become aware, of the events or circumstances which give rise to the grievance, including grievances involving wage disputes, unless there is a mutually agreed upon written extension.

ECF Nos. 11-3 at 13-15; 11-4 at 16-18. Both CBAs also have an arbitration provision that states, in Article 9: "[g]rievances which are not settled pursuant to Article 8 (Grievance Procedure), and which CNA desires to contest further, shall be submitted to arbitration[.]" ECF Nos. 11-3 at 16-18; 11-4 at 19-20.

The later CBA also incorporates a Side Letter Agreement ("SLA"), signed by Palomar, the CNA, and the Caregivers and Healthcare Employees Union, which states that:

> Palomar Health shall fully comply with SB 1334, all applicable sections within the Collective Bargaining Agreement (CBA), Labor Code Section 512, and applicable Wage Orders. If a covered CNA/CHEU member does not receive a meal and/or rest break in accordance with SB 1334, the member is entitled to one (1) meal period penalty for each workday that one (1) or more meal periods are not provided, and one (1) missed break penalty for each workday that one (1) or more rest breaks are not provided. This penalty is not counted as time worked for overtime purposes.

ECF No. 11-4 at 119. The SLA further incorporates the grievance and arbitration provisions from the earlier CBA:

> Any disputes over the interpretation or application relating to this Agreement and/or meal breaks and/or rest periods shall be resolved through the Parties' 2021-2024 CBA grievance and arbitration provisions set forth in the parties' CBAs ending in final and binding arbitration or the California Labor Commissioner at the sole discretion of the employee and the Unions. The Parties agree that even if disputes over the interpretation or application of this Agreement arise after the 2021-2024 CBA expires, they shall be arbitrable in accordance with the process described in the Arbitration provisions of that expired CBA.

*Id.*

///

## II. LEGAL STANDARD

"In deciding whether to compel arbitration under the [Federal Arbitration Act], a court's inquiry is limited to two 'gateway' issues: '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "[A] statutory claim [is] not subject to a presumption of arbitrability" and a CBA requirement to arbitrate a statutory claim "must be clear and unmistakable." *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79-80 (1998) (citations omitted).

## III. ANALYSIS

In determining whether the CBAs contain a "clear and unmistakable" requirement that Lim arbitrate her statutory claims, the Court begins with the language of the agreements. Article 9 of the CBAs provides: "Grievances which are not settled pursuant to Article 8 (Grievance Procedure), and which CNA desires to contest further, shall be submitted to arbitration[.]" ECF Nos. 11-3 at 16, 11-4 at 19. This language, by its terms, does not allow Palomar to compel Lim to arbitrate her claims here. Assuming that those claims fall within the definition of "grievances" contained in Article 8 of the CBAs, Article 9 only requires arbitration of claims "which CNA desires to contest further." *Id.* Defendant has not shown that this condition is satisfied here; and indeed, CNA is not a party to this lawsuit. Thus, Plaintiff argues that "there is no regime provided in the CBA/Side Letter for Defendant to compel Plaintiff to arbitration[.]" ECF No. 12 at 21. The Court agrees.

Palomar states in its reply brief that "'a Registered Nurse or CNA' may initiate a grievance[,]" and "there is nothing precluding Plaintiff from arbitrating after the grievance process ends." ECF No. 14 at 6. This is true. But in seeking to compel arbitration, Defendant must show that an arbitration agreement provides a "clear and unmistakable" requirement that Plaintiff arbitrate her statutory claims—it is not enough that the arbitration agreement does not preclude Plaintiff from seeking arbitration.

The Ninth Circuit addressed a collective bargaining agreement containing similar language in *Salas v. Anheuser-Busch Sales of South Bay, Inc.*, 650 F. App'x 445 (9th Cir. 2016). As described by the district court in that case, the collective bargaining agreement contained a "two-step procedure" under which a grievance could be filed by either the employee or the union, but the agreement then "authorize[d] the Union to seek arbitration of an unresolved grievance." *Salas v. Anheuser-Busch Sales of South Bay, Inc.*, No. CV 09-7739-GHK (AJWx), 2010 WL 11482784, at *2 (C.D. Cal. Feb. 3, 2010). The district court ordered arbitration, but the Ninth Circuit reversed. The Ninth Circuit determined that the district court erred, among other reasons, because "the CBA provides for arbitration only between the Union and [the employer]. It does not address an individual employee's right to bring a [statutory] claim against [the employer]." 650 F. App'x at 446. The CBAs here likewise fail to address whether an individual employee's statutory claims are subject to binding arbitration. In place of the clause "which CNA desires to contest further," Article 9 could have provided, "which CNA or the Registered Nurse desires to contest further"—or Article 9 could simply have omitted the clause altogether. But instead, Defendant and the CNA agreed to language that appears to put the CNA in the driver's seat for purposes of determining whether a grievance proceeds to arbitration.[1]

In a separate case involving the same corporate defendant as in *Salas*, the Ninth Circuit likewise determined that the employer could not compel arbitration where the collective bargaining agreement at issue "supplies arbitration procedures only as between

---

[1] The language in the SLA does not further support Palomar's position. The SLA purports to incorporate Articles 8 and 9 of the earlier CBA, rather than modifying those grievance and arbitration provisions. The SLA's reference to the CBAs' dispute resolution procedure as "ending in final and binding arbitration or the California Labor Commissioner at the sole discretion of the employee and the Unions[,]" ECF No. 11-4 at 120, suggests that the employee, the CNA, and the Caregivers and Healthcare Employees Union must make a *joint* decision to pursue arbitration. Palomar has not argued that such a condition is satisfied here.

[the employer] and the Union." *Powell v. Anheuser-Busch Inc.*, 457 F. App'x 679, 680 (9th Cir. 2011).

Defendant has failed to establish that the CBAs that Defendant negotiated contain a "clear and unmistakable" requirement that Lim arbitrate her statutory claims.

Defendant's motion asks the Court to compel "use of the grievance and arbitration process, including arbitration of Plaintiff's individual claims[.]" ECF No. 11-1 at 13; 14 at 10. To the extent Defendant is asking for an order compelling Plaintiff to engage in some aspect of the CBAs' grievance procedure apart from Article 9 arbitration, Defendant does not explain precisely what it is requesting. Plaintiff is no longer an employee of Defendant, and the deadline for initiating a grievance under Article 8 has long passed. *See* ECF Nos. 11-3 at 14; 11-4 at 16. Nor does Defendant explain how it may use the Federal Arbitration Act to compel Plaintiff to participate in a grievance procedure that is distinct from arbitration.

## IV. CONCLUSION

For the above reasons, the Court **DENIES** Defendant's motion to compel arbitration, ECF No. 11.

**IT IS SO ORDERED.**

Dated: September 9, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge